# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:07-cr-183

                                    District Judge Walter Herbert Rice
- vs -                          Magistrate Judge Michael R. Merz

JERRY BROWN,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 442). Although the Motion is docketed as "First Motion to Reduce Sentence – USSC Amendments," it is plainly captioned as a motion under § 2255 and thus the Rules Governing § 2255 Proceedings apply  Rule 4 of those Rules provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

As with all collateral attacks on criminal judgments filed at the Dayton location of court, the § 2255 proceedings have been referred to the undersigned pursuant to General Order Day 13-01.

Brown claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review.  *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016);  *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). Brown asserts the residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson* and indeed the Sixth Circuit has so held.  *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

**Procedural History**

Mr. Brown was indicted by the grand jury for this District on November 13, 2007, and charged as follows:  conspiracy to distribute crack cocaine in an amount in excess of fifty grams (Count 1); distribution of crack  (Count 18 & 19); possession of a firearm in furtherance of a drug trafficking crime (Count 20), conspiracy to engage in the business of dealing in firearms without a license (Count 22) and willfully engaging in the business of dealing in firearms without a license (Count 23) (Indictment, ECF No. 14).

On June 23, 2008, Brown entered into a Plea Agreement with the United States under which he agreed to plead guilty to Counts Twenty-Three and Thirty-One of the First Superseding Indictment in the case, charging actual distribution of cocaine base in excess of five grams and

engaging in the business of dealing in firearms without a license (ECF No. 196). Judge Rice accepted a guilty plea to those two counts and referred Brown to the Probation Department for preparation of a Presentence Investigation Report ("PSR")(Minute entry, ECF No. 198).

In the PSR the probation officer determined that Brown qualified as a career offender because the offense of conviction was for a felony that was "either a crime of violence or a controlled substance offense and (3) the defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense that are counted separately under the provisions of [U.S.S.G.] § 4A1.1(a), (b), or (c)." (PSR ¶ 67). The PSR references convictions reported at ¶¶ 74 and 75.

In ¶ 74 the PSR reports Brown's conviction for felonious assault and aggravated burglary in the Montgomery County Common Pleas Court in its Case No. 81CR1459. In ¶ 75 the PSR reports conviction on two counts of aggravated robbery with a firearm specification in Montgomery County Common Pleas Court Case No. 91CR711.

On September 18, 2008, Judge Rice sentenced Brown to 144 months on Count 23 and a concurrent 60 months on Count 31 (Minute Entry, ECF No. 248, PageID 931; Judgment, ECF No. 254). The judge adopted the PSR as filed with a total offense level of 31 and a criminal history category of VI, resulting in a guidelines imprisonment range of 188 to 235 months. Judge Rice departed downward from the guideline range upon his conclusion that "defendant's career criminal status overrepresents seriousness of the offense, the seriousness of the defendant's past criminal history and the likelihood of recidivism." (Statement of Reasons, ECF No. 255, PageID 949.) Brown took no appeal, so the conviction became final November 7, 2008. The instant § 2255 Motion was filed June 20, 2016.

3

## Analysis

Mr. Brown does not take issue with the PSR's classification of his 1981 felonious assault conviction as a qualifying predicate offense. Rather, he asserts the aggravated robbery convictions do not qualify (Motion, ECF No. 442, PageID 1762-65).

Brown relies on *United States v. Nagy*, 144 F. Supp. 3d 928 (N.D. Ohio 2015)(Gwin, J.). A jury had found Nagy guilty under the ACCA. Judge Gwin felt "constrained" to sentence him to the mandatory minimum fifteen years on that conviction, but stated "I would have sentenced him well below the 15 years, but I am constrained in that. . . the ACCA's mandatory minimum is nowhere close to a just punishment." *Id.* at *4. Nagy had six ACCA predicate offenses and the government conceded that three of them, all involving the Ohio prohibition on failing to comply with the lawful order of a police officer, no longer qualified as predicates. Judge Gwin concluded Nagy's robbery conviction under Ohio Revised Code § 2911.02 did not count because robbery under that statute can be committed without the actual use of force. *Id.* at *9. Because the ACCA requires three violent felony predicate convictions and Nagy had only two for domestic violence, Judge Gwin granted § 2255 relief and vacated his sentence.

Brown was convicted of aggravated robbery which in Ohio is proscribed by Ohio Revised Code § 2911.01(A) which requires either use of a deadly weapon or infliction or attempted infliction of serious physical harm on another. The statute is materially different from the one under which Nagy was convicted (Ohio Revised Code § 2911.02) and thus Judge Gwin's decision is not apposite. Brown's convictions for aggravated robbery qualify as violent offenses under U.S.S.G. 4B1.2(a)(1) without any resort to the "residual clause" found unconstitutional in

4

*Johnson*.  Because Brown had two qualifying predicate convictions, one for felonious assault and one for aggravated robbery, he was properly found to be a career offender under the Guidelines.

Even if Brown's aggravated robbery conviction did not qualify, he would not be entitled to relief in this case.  There is no evidence of record that his prior convictions were found to qualify under the residual clause of the Guidelines.  Rather, both of them are crimes of violence. While Johnson has reopened the statute of limitations for career offender sentences based on the residual clause, it has not done so for convictions found to be violent offenses under the so-called elements clause of the Guidelines.  Thus Brown's claim about his aggravated robbery conviction, even if it had merit, would be time-barred.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 8, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).