# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:07-cr-183 |
| | | | |
| | | | District Judge Walter Herbert Rice |
| - vs - | | | Magistrate Judge Michael R. Merz |
| JERRY BROWN, | | | |
| | | | |
| | Defendant. | : | |

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Objections (ECF No. 444) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 443) recommending dismissal with prejudice of Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 442). Judge Rice has recommitted the Motion for reconsideration in light of the Objections (ECF No. 445). The deadline for a response to the Objections by the United States was August 11, 2016, and no response was filed.

Brown does not object to the recitation of procedural history in the Report which concluded that he had been sentenced as a career offender under the Sentencing Guidelines upon a finding, *inter alia*, that he had two predicate qualifying convictions for felonious assault and aggravated robbery (Report, ECF No. 443, PageID 1773-74). In his § 2255 Motion, Brown claimed the aggravated robbery conviction did not qualify, relying on the opinion of Judge James

1

Gwin in *United States v. Nagy*, 144 F. Supp. 3d 928 (N.D. Ohio 2015).  The Report found Ohio Revised Code § 2911.01(A) required "either use of a deadly weapon or infliction or attempted infliction of serious physical harm on another" and thus was materially different from the statute at issue in *Nagy*, Ohio Revised Code § 2911.02 (Report, ECF No. 443, PageID 1775-76).


**First Objection:  1991 Aggravated Robbery as a Qualifying Predicate Offense**


Mr. Brown first objects that his conviction for aggravated robbery is not a qualifying predicate offense under U.S.S.G. § 4B1.2(a) which provides the following definition of crime of violence:

> (1) Has an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause], or
>
> (2) Is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerate [sic] offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause].

(As quoted in Objections, ECF No. 444, PageID 1779.)  The Objections assert that the "Ohio aggravated robbery statute, under which Mr. Brown was convicted, only requires the mere possession of a deadly weapon or dangerous ordnance during the commission of a theft . . .and no use or threatened use of force is required."  (Objections, ECF No. 444, PageID 1780, citing *State v. Parker*, 72 Ohio App. 3d 456 (3rd Dist. 1991), and *State v. Merriweather*, 64 Ohio St. 2d 57 (1980)).

In *Parker* the court was deciding whether kidnapping and aggravated robbery were allied offenses of similar import under Ohio Revised Code § 2941.25.  It held:

> The elements of kidnapping, as charged in the instant case, under R.C. 2905.01(A)(2) are:
>
> (1) Removal of another from the place where he is found or restraining him of his liberty
>
> (2) By force, threat or deception
>
> (3) For the purpose of facilitating the commission of any felony or flight thereafter.
>
> Having reviewed these elements, we are of the opinion that the crimes of aggravated robbery and kidnapping, as indicted in this case, are not allied offenses of similar import. An accused cannot be convicted of kidnapping under R.C. 2905.01(A)(2) without having used force, threat or deception.   However, "* * * an accused can be convicted of aggravated robbery under R.C. 2911.01(A)(1) without having used or threatened to use any force, as long as the accused merely possesses a deadly weapon or dangerous ordnance during the commission of a theft." *State v. Merriweather* (1980), 64 Ohio St.2d 57, 59, 18 O.O.3d 259, 261, 413 N.E.2d 790, 791.

*Id.* at 462-63.  In *Merriweather*, the Ohio Supreme Court held that Ohio Revised Code § 2911.01(A)(1) did not require the use or threatened use of force and therefore robbery, which does require the use or threat of force, was not a lesser included offense.

*Merriweather* has been superseded by the Ohio Supreme Court's decision in *State v. Evans*, 122 Ohio St. 3d 381 (2009).  In *Evans* the court noted that aggravated robbery in violation Ohio Revised Code § 2911.01(A)(1) had been amended so as to require, when Evans was convicted, "the state to prove that the offender possessed a deadly weapon or dangerous

ordnance *and* that he either displayed it, brandished it, indicated that he possessed it, or used it in attempting or committing a theft offense."

Brown's conviction for aggravated robbery that was counted in this case as a qualifying predicate offense occurred in 1991 (PSR ¶ 75). The amendment to the statute that made the change adverted to in *Evans* was made by Ohio Senate Bill 2 (1995 S 2) which was effective July 1, 1996. Thus the statute under which Brown was convicted of aggravated robbery did not contain use or threat of use of force as an element, although convictions under the amended statute would qualify.

Therefore Brown's first objection is WELL TAKEN and that portion of the Report recommending dismissal because Brown's 1991 aggravated robbery conviction was for a "crime of violence" is WITHDRAWN.


**Second Objection:  Statute of Limitations**


Brown filed his Motion to Vacate on June 20, 2016 (ECF No. 442). The Report concluded that the Motion was time-barred because it was not filed within one year of the conviction's finality, stating

> Even if Brown's aggravated robbery conviction did not qualify, he would not be entitled to relief in this case. There is no evidence of record that his prior convictions were found to qualify under the residual clause of the Guidelines. Rather, both of them are crimes of violence. While *Johnson* has reopened the statute of limitations for career offender sentences based on the residual clause, it has not done so for convictions found to be violent offenses under the so-called elements clause of the Guidelines. Thus Brown's claim about his aggravated robbery conviction, even if it had merit, would be time-barred.

4

(Report, ECF No. 443, PageID 1776.)

The Objections note that 28 U.S.C. § 2255(f)(3) provides an alternative starting date for the statute of limitations, to wit, the date on which the "right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."  Brown argues he comes within this provision because *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192L. Ed. 2d 569 (2015), declared a new substantive constitutional right which is retroactively applicable to cases on collateral review (Objections, ECF No. 444, PageID 1780).

The new right recognized in *Johnson* was the right not to be sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA") on the basis of a finding that a predicate conviction satisfied the residual clause of 18 U.S.C. § 924(e)(2)(B).  The Supreme Court has held that that right is a substantive right newly recognized in *Johnson* and therefore retroactively applicable to convictions on collateral review.  *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016).  Brown was not convicted under the ACCA, but found to be a career offender under the Sentencing Guidelines.  He asserted that the residual clause of the Guidelines, quoted above, is unconstitutional on the same basis as the residual clause of § 924(e)(2)(B) and the Sixth Circuit has agreed. *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).

*Pawlak*, however, was a direct appeal case, unconcerned with retroactivity.  In *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. Sept. 29, 2015), the Eleventh Circuit held *Johnson* does not control cases in which a person is classified as a career offender under the Guidelines. The Supreme Court has granted certiorari in on the following issues:   (1) Whether *Johnson v. United States* applies retroactively to collateral cases challenging federal sentences enhanced

under the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson. Beckles*, 2016 U.S. LEXIS 4142 (June 27, 2016). The Sixth Circuit has not decided whether *Johnson* applies retroactively to Guidelines cases. Instead it has held Guidelines cases under *Johnson* should be stayed pending the Supreme Court's decision in *Beckles. In re: Embry*, ___ F.3d ___, 2016 U.S. App. LEXIS 13798 (6th Cir. July 29, 2016).

In deciding that Brown's 1991 aggravated robbery conviction was a crime of violence under U.S.S.G. § 4B1.2(a), did this Court employ the elements clause of the Guidelines or the residual clause?  The PSR is silent on this topic, merely reciting the prior convictions and concluding that they "counted" for career offender status (PSR ¶ 57).  The Plea Agreement is likewise silent.  Brown's Sentencing Memorandum acknowledges he qualifies for career offender status "based upon his past offenses," although noting that if the 1981 conviction for assault were not counted, "Defendant would otherwise have a term of imprisonment of potentially seven (7) years. . . " (ECF No. 243, PageID 913).  The Court adopted the PSR without change (ECF No. 255, PageID 948).  Brown took no appeal.  Based on this silent record, there are two possibilities:  a finding that the 1991 aggravated robbery conviction satisfied the elements clause of § 4B1.2 or that it satisfied the residual clause.  The Court is unaware of any decided case law on how to classify such a conviction.

If the finding were under the elements clause, then the § 2255 Motion would be untimely. The Ohio precedent on which the 1991 conviction's failure to satisfy the elements clause is predicated all existed at the time of sentencing and would have formed a basis to object and/or appeal. *Johnson* and *Pawlak* change nothing about that. On the other hand if the finding were under the residual clause, the Motion might not be time barred if the Supreme Court finds retroactivity in *Beckles*.

Defendant had excellent counsel at the time of his plea, the same attorney who represents him in this § 2255 proceeding. The Magistrate Judge believes it is appropriate to assume that counsel made no objection to the career offender finding under the elements clause because aggravated robbery, even in its pre-1996 Ohio form, would have fit easily within the residual clause. If *Pawlak* is to be retroactively applied on collateral review, Brown would have a meritorious claim.

Therefore, the prior recommendation that the § 2255 Motion be dismissed with prejudice is WITHDRAWN and the Magistrate Judge recommends this case be stayed pending the decision of the Supreme Court in *Beckles*.

August 15, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).